## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | |
|---|---|
| DAVID FRANKLIN, individually and for all others similarly situated,<br><br>v.<br><br>SB SOUTHERN WELDING, LLC and SHANE BOSTON, | Case No. 7:19-cv-33<br><br>FLSA Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1. SB Southern Welding, LLC and Shane Boston (collectively, Southern Welding) do not pay their welders overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA).

2. Although these workers regularly work more than forty hours a week, they do not receive the overtime premium dictated by the FLSA.

3. Instead, Southern Welding misclassifies them as independent contractors and pays them the same hourly rate for all hours worked (with no additional half-time for hours worked over 40 in a week).

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these employees.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

–1–

6. Venue is proper in the Northern District of Texas, pursuant to Title 28 U.S.C. § 1391(b) and (d) because some of the unlawful practices described herein occurred in this District.

**PARTIES**

7. David Franklin resides in Canyon Lake, Texas.

8. Franklin was employed by Southern Welding within the meaning of the FLSA during the three-year period preceding the filing of this Complaint.

9. Franklin was paid on an hourly basis and regularly worked more than forty hours in a workweek without receiving overtime pay.

10. Franklin's written consent is attached as Exhibit A to this Complaint.

11. The "Class Members" are those welders employed by Southern Welding and classified as independent contractors during the three-year period preceding the filing of this Complaint.

12. Shane Boston is the owner of Southern Welding.

13. Boston resides in the State of Texas.

14. Boston is an employer of Franklin and the class he represents under the FLSA because Boston acted directly or indirectly in the interest of Southern Welding in relation to Franklin and the class he represents.

15. For example, Boston set employment policies at Southern Welding.

16. Boston is responsible for the policy of treating welders as independent contractors at Southern Welding.

17. Boston is responsible for Southern Welding's policy of paying these workers at the same hourly rate for all hours worked, including those in excess of 40 in a week.

18. Shane Boston may be served at 3941 Windmill Road, Joshua, TX 76058.

19. SB Southern Welding LLC is a company which resides in and does business in the State of Texas.

20. SB Southern Welding LLC specifically does business within this District.

21. Southern Welding is an enterprise engaged in commerce.

22. SB Southern Welding LLC employed Franklin and the Class Members within the meaning of the FLSA.

23. SB Southern Welding LLC may be served with process through Shane Boston at 3941 Windmill Road, Joshua, TX 76058.

### FACTUAL BACKGROUND

24. Southern Welding is in the business of providing welding services.

25. To provide these services, Southern Welding hires welders such as Franklin and the Class Members.

26. Upon information and belief, Southern Welding's gross annual revenues have exceeded the FLSA's $500,000 threshold for enterprise coverage for at least each of the last three years.

27. Southern Welding's employees routinely use, handle, sell, or work on items (such as welding tools, cell phones, hand tools, etc.) that were produced for, or actually traveled in, interstate commerce.

28. Southern Welding is a covered enterprise under the FLSA.

29. Franklin began working for Southern Welding in February 2016 as a welder and was classified as an independent contractor.

30. Franklin earned $37 per hour while employed by Southern Welding.

31. Southern Welding determined Franklin's duties and work schedule.

32. Southern Welding determined Southern Welding's work locations.

33. Southern Welding set policies regarding Franklin's work.

34. For example, Southern Welding determined the hours Franklin was required to work.

35. Southern Welding set policies regarding how often, and for how long, Franklin could temporarily leave a work site.

36. Franklin did not hire his own workers.

37. Franklin could not send substitutes to do his job.

38. Southern Welding made personnel and payroll decisions with respect to Franklin.

39. Southern Welding maintained control over marketing the products, services, and brand in which Franklin worked.

40. Southern Welding maintains control over pricing of the services and products they provide.

41. Southern Welding negotiated rates to charge clients for Franklin's services and collected payments for these services directly from clients.

42. The value of any unreimbursed equipment, tools, or supplies Franklin used in his work was miniscule compared to the value of the equipment, tools, supplies, parts and capital investment Southern Welding provided.

43. Southern Welding, not Franklin, made the large capital investments in buildings, leaseholds, office machines, equipment, tools, and supplies.

44. Southern Welding, not Franklin, paid operating expenses like rent, payroll, marketing, insurance, and bills related to the welding business.

45. Franklin relied on Southern Welding for his work.

46. Franklin did not market any business or services of his own.

47. Instead, Franklin worked the hours assigned by Southern Welding, performed duties assigned by Southern Welding, worked on projects assigned by Southern Welding, and worked for the benefit of Southern Welding's customers.

48. Southern Welding paid Franklin an hourly rate.

49. Franklin did not earn a profit based on any business investment of his own.

50. Rather, Franklin's only earning opportunity was based on the number of hours he worked, which was controlled by Southern Welding.

51. Southern Welding had the power to hire and fire Franklin.

52. Franklin was employed as an integral part of Southern Welding's welding business.

53. Franklin was economically dependent upon Southern Welding for his work.

54. Franklin worked continuously for Southern Welding for years.

55. Southern Welding improperly classified Franklin as an independent contractor.

56. Franklin regularly worked more than 40 hours in a workweek.

57. Southern Welding did not pay him the extra half-time required by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

58. In addition to Franklin, Southern Welding employed the Class Members.

59. The Class Members, who all worked as welders, performed job duties similar to Franklin's.

60. Like Franklin, the Class Members also regularly worked over forty hours per week with no overtime pay, were paid hourly, and were classified as independent contractors.

61. Thus, the Class Members are similarly situated to Franklin because they were subjected to the same unlawful policies as Franklin.

62. Southern Welding employed dozens of Class Members over the last three years.

63. The Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All of Southern Welding's welders that were classified as independent contractors and who worked over forty hours in any workweek during the last three years.**

### CAUSES OF ACTION

64. Franklin incorporates all allegations contained in paragraphs 1 through 59.

65. Southern Welding's practice of failing to pay overtime at one-and-one-half times the appropriate regular rate was and is in violation of the FLSA.

66. Accordingly, Franklin and the Class Members are entitled to overtime pay in an amount which is one and one-half times their regular rates.

67. Additionally, Franklin and the Class Members are entitled to an amount equal to all their unpaid minimum wages and overtime wages as liquidated damages.

68. Additionally, Franklin and the Class Members are entitled reasonable attorneys' fees and costs of this action.

69. Southern Welding is well aware that its practice of classifying its employees as independent contractors in order to avoid paying them overtime is a violation of the FLSA.

70. On at least two prior occasions Southern Welding has been sued for the very policies and practices alleged here. *Miller v. SB Southern Welding, LLC*, Case No. 3:13-cv-04138 (N.D. Tex.) (individual action) (filed 10/13; dismissed as a result of settlement 1/14); *Roberts v. SB Southern Welding, LLC*, Case No. 3:14-cv-3617-B (N.D. Tex.) (filed 4/14; dismissed as a result of settlement 2/17).

71. Although Southern Welding paid damages to the plaintiffs in at least two prior cases, it has not altered its policies and practices.

## PRAYER

Franklin respectfully requests judgment be entered in his favor, awarding him and all similarly situated employees:

1. overtime wages for all unpaid hours worked in excess of forty hours at the rate of one and one-half times their regular rates;

2. liquidated damages in an amount equal to their unpaid minimum and overtime wages as allowed under the FLSA;

3. reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

4. pre-judgment and post-judgment interest at the highest rates allowed by law; and

5. such other and further relief as may be required by law.

Date: February 1, 2019                    Respectfully submitted,

                                          **BRUCKNER BURCH PLLC**


                                          ***/S/ Richard J. Burch***
                                      By: _____
                                          Richard J. Burch
                                          State Bar No. 24001807

>8 Greenway Plaza, Suite 1500
>Houston, Texas 77046
>Telephone: (713) 877-8788
>Telecopier: (713) 877-8065
>rburch@brucknerburch.com
>jjones@brucknerburch.com

## CONSENT TO JOIN WAGE CLAIM

Print Name: David Franklin

1. I hereby consent to participate in a collective action lawsuit against **SB Southern Welding** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *[DocuSigned signature]* 09FAC53B40E5468...

Date Signed: 5/13/2018